UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRILO GUZMAN,<br><br>        Plaintiff,<br><br>      v.<br><br>KERN COUNTY SHERIFF'S DEPT., et al.,<br><br>        Defendants. | Case No.: 1:14-cv-00770-LJO-SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>[ECF Nos. 4, 5] |

      Plaintiff has filed this civil rights action pursuant to 42 U.S.C. § 1983.

      At the time Plaintiff initiated the action, he neither filed an application to proceed in forma pauperis nor paid the $400.00 filing fee in full. Accordingly, on May 30, 2014, the Court directed Plaintiff to either file an application to proceed in forma pauperis or pay the $400.00 filing fee in full within thirty days from the date of service.

      Plaintiff failed to respond to the Court's order. Therefore, on July 16, 2014, the Court ordered Plaintiff to show cause within thirty days why the action should not be dismissed for failure to comply with a court order. Plaintiff failed to respond to the Court's order.

      Without payment of the filing fee or application to proceed in forma pauperis, the Court cannot proceed with the action. Plaintiff was warned that dismissal would occur if he failed to obey the order.

      The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles

County, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  Id. (citation omitted).

      Based on Plaintiff's failure to comply with the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute.  Id.  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  Id.  Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to obey a court order and failure to prosecute

IT IS SO ORDERED.

Dated:   **August 28, 2014**                     /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE